IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

INSLEY EVANS, SR.,

    Plaintiff,

v.                                                                                       No. 1:25-cv-00944-WJ-JMR

FLORIDA DEPARTMENT OF REVENUE and
HERMAN CASTRO, Attorney General of Florida,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

*Pro se* Plaintiff, who resides in Florida, filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." *See* Doc. 1 at 1, filed September 29, 2025 ("Complaint"). Where the form Complaint prompts plaintiffs to provide facts supporting their claims, Plaintiff wrote "See Attached Exhibits." There are no exhibits attached to the Complaint.

United States Magistrate Judge Jennifer M. Rozzoni notified Plaintiff:

(i)     The Complaint fails to state a claim upon which relief can be granted because there are no factual allegations in the Complaint describing what each Defendant did to Plaintiff;

(ii)     It does not appear that the Court has jurisdiction over Plaintiff's claims against the Florida Department of Revenue due the State of Florida's sovereign immunity under the Eleventh Amendment; and

(iii)     It appears the District of New Mexico is not the proper venue for this action because there are no allegations showing that the actions of Defendants Florida Department of Revenue and Florida Attorney General Herman Castro giving rise to this action occurred in the District of New Mexico.

*See* Order to Show Cause at 2-4, Doc. 6, filed October 1, 2025.  Judge Rozzoni ordered Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint.  *See* Order to Show Cause at 6 (notifying Plaintiff that failure to timely show cause and file an amended complaint may result in dismissal of this case).  Plaintiff did not show cause or file an amended complaint by the October 22, 2025, deadline.

The Court dismisses this case without prejudice because the Complaint fails to state a claim upon which relief can be granted and Plaintiff has not complied with Judge Rozzoni's Order to file an amended complaint.  *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

Plaintiff filed proposed orders to show cause which the Clerk filed as a Motion for an order to show cause.  *See* Doc. 7 at 1, 4, filed October 15, 2025 (one regarding whether Plaintiff's child support obligations should be recalculated or adjusted, the other regarding whether Plaintiff is the biological father of another child).  Because it is dismissing this case, the Court denies Plaintiff's Motion for Order to Show Cause.

**IT IS ORDERED** that:

(i)   This case is **DISMISSED without prejudice.**

(ii)  Plaintiff's Motion for Order to Show Cause, Doc. 7, filed October 15, 2025, is **DENIED.**

/s/
_____
**WILLIAM P. JOHNSON**
**SENIOR UNITED STATES DISTRICT JUDGE**

2